UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON L. GRIFFITH,

                                    Plaintiff,

                    -against-

OTIS BANTUM CORRECTIONAL
CENTER; THE CITY OF NEW YORK;
MAYOR ERIC ADAMS; COMMISSIONER
LYNELL MAGINLEY-LIDDIE,

                                    Defendants.

24-CV-8318 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Brandon Griffith, who currently is detained at the Otis Bantum Correctional

Center ("OBCC"), brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants

violated his constitutional rights during his detention at the OBCC. By order dated January 7,

2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff initially filed this action with 62 other OBCC detainees and described himself as the "lead plaintiff." By order dated December 12, 2024, the Court directed the Clerk of Court (1) to sever the claims brought by each individual plaintiff whose name appeared in the

complaint and (2) to open a new civil action for each individual plaintiff other than Griffith. The Court noted that Griffith would be the sole plaintiff in this case.

The complaint contains several sets of allegations. Each set of allegations is handwritten by a different individual. The facts do not describe Plaintiff's individual experience at OBCC or how any particular defendant violated his rights. Rather, the facts are written from the perspective of all the individuals who signed the complaint. These facts concern several different incidents occurring at OBCC involving the alleged denial of medical care, general complaints about the conditions at OBCC, and specific allegations regarding alleged retaliation for complaints lodged about these conditions. The complaint does not specify, however, that Plaintiff suffered the denial of medical care or lodged complaints about his conditions.

Named as Defendants are the City of New York, the OBCC, Mayor Eric Adams, and Commissioner Lynelle Maginley-Liddie. Individual correction officers are mentioned throughout the complaint but are not named as defendants.

## DISCUSSION

### A.    Otis Bantum Correctional Center

Plaintiff's claims against OBCC must be dismissed because it is not an entity that can be sued under the New York City Charter. This defendant is a jail operated by the New York City Department of Correction ("DOC"), and DOC is an agency of the City of New York that cannot be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal

3

agency."). The Court therefore dismisses OBCC as a defendant in this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff names as a defendant the City of New York, and any claims he intended to bring against OBCC may be asserted against the City of New York.[2]

## B.    Plaintiff's Claims

As noted above, because the operative pleading is written from the perspective of several individuals, it does not include any facts specific to Plaintiff. In other words, the complaint does not provide factual allegations regarding Plaintiff's experiences and how any particular correction officer violated his rights. Accordingly, Plaintiff must allege his own set of facts detailing his claims and naming the individual officers who violated his rights.

Moreover, while correction officers are mentioned throughout the complaint, they are not named as defendants. If Plaintiff seeks to bring claims against these individuals, he must name them in the caption of the complaint and state facts suggesting that they violated his personal rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

---

[2] To state a Section 1983 claim against a municipality, Plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims as follows.

First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Second, in the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 4, 2024, at OBCC, during the 7-3 p.m. shift."

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wants to include from the original complaint

must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within 60 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 24-CV-8318 (LTS). An Amended Civil Rights

Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the

complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against Otis Bantum Correctional Facility, Mayor

Eric Adams, and Commissioner Lynelle Maginley-Liddie. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The

official capacity claims against Adams and Maginley-Liddie may be asserted against the City of New York, and the personal capacity claims against these two defendants are dismissed for failure to state a claim because Plaintiff does not allege any facts in the complaint supporting an inference of their personal involvement.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:    January 13, 2025
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                    Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                   Plaintiff's Signature

_____
First Name              Middle Initial          Last Name

_____
Prison Address

_____
County, City                    State                   Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____